NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FAST FLEET SYSTEMS, INC., | : | Civil No. 06-1819  (AET) |
| Plaintiff, | : |  |
| v. | : | MEMORANDUM & ORDER |
| SEKO WORLDWIDE, INC., et al., | : |  |
| Defendants. | : |  |

    This matter comes before the Court on Defendant Seko Worldwide, Inc.'s ("Seko") Motion to Compel Arbitration and Stay Further Proceedings [44]. The Court has reviewed and considered Defendant Seko's unopposed submissions without oral argument pursuant to Fed. R. Civ. P. 78.

    On January 1, 2004, Defendant Seko entered into an Independent Contractor Agreement with Defendants Discovery Cargo, Inc., Craig Catalano, and Bernard Quandt ("Cross-Claimants") for transportation services [44-2]. In that agreement, both parties agreed that in the event of any dispute relating to the agreement, all such disputes would be resolved through arbitration under the Commercial Arbitration Rules of the American Arbitration Association.

    On July 6, 2007, Cross-Claimants filed a Third Party Complaint [40] interposing Cross-Claims against Defendant Seko. On July 31, 2007, Defendant Seko moved before the Court for an order to compel arbitration of the cross-claims alleged by the Cross-Claimants, and staying further proceedings on those claims.

    Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*, arbitration provisions in

contracts in interstate commerce "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract."  As a result, "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order" compelling arbitration.  9 U.S.C. § 4.  Upon such a petition, a district court can compel arbitration, "in accordance with the terms of the [arbitration] agreement."  Id.

A "motion to compel arbitration calls for a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement."  Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005) (quoting AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)).  Additionally, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985).  Further, "an order to arbitrate a particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  Trippe, 401 F.3d at 532.

In the Independent Contractor Agreement [44-2] entered into, Cross-Claimants agreed to arbitrate "all disputes, controversies, or claims relating to [the] Agreement or the relationship established."  The first Cross-Claim of the Cross-Claimants alleges that "by the terms of the Independent Contractor Agreement of January 1, 2004, Seko Worldwide is obligated to reimburse DCI for any amount due and payable to Plaintiff Fast Fleet as alleged in the Complaint herein."  (Def.'s Cross-cl. [40] ¶ 22).

The Cross-Claimants second Cross-Claim alleges, "to the extent that Plaintiff Fast Fleet provided trucking services, any services inured to the benefit of Seko Worldwide, such that any failure to pay for such services should be born by Seko Worldwide."  (Def.'s Cross-cl. [40] ¶ 24).

Finally, the third Cross-Claim alleges "liability, if any, on the part of DCI, Catalano or Quandt to Fast Fleet as alleged in the Complaint was of a derivative or secondary nature, with liability of Seko Worldwide of a primary character, thus giving rise to a duty on the part of Seko Worldwide to hold harmless and indemnify DCI, Catalano and Quandt from any loss herein." (Def.'s Cross-cl. [40] ¶ 26).

Consequently, each of the Cross-Claimants' three Cross-Claims asserted, relate to the agreement or relationship established with Defendant Seko, and fall within the scope of the Independent Contractor Agreement.

For the foregoing reasons, and for good cause shown,

It is on this 10th day of September 2007,

**ORDERED** that Petitioner's Motion to Compel Arbitration and Stay Proceedings [44] is **GRANTED**.

                                                                 s/ Anne E. Thompson
                                                              ANNE E. THOMPSON, U.S.D.J.